# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **YEVHENI K.,** | **Civil Action No. 18-14246 (JLL)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **STEVE AHRENDT,** | |
| **Respondent.** | |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Yevheni K., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an Order to answer, the Government filed responses to the petition, (ECF Nos. 4, 8), to which the Petitioner replied. (ECF No. 6). For the following reasons, the petition is denied without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Ukraine who became a lawful permanent resident of the United States in January 2013. (ECF No. 4-2 at 2). In September 2016, Petitioner was convicted of criminal possession of stolen property in New York. (ECF No. 4-2 at 2). Based on that conviction, Petitioner was taken into immigration custody and placed in removal proceedings on or about January 3, 2018. (ECF No. 4-2 at 3). On July 10, 2018, Petitioner was ordered removed by an immigration judge. (ECF No. 4-1 at 2). Petitioner appealed, and the Board of Immigration Appeals ("BIA") ultimately dismissed his appeal and rendered his removal order final on December 18, 2018. (ECF No. 8-1). Petitioner thereafter filed a petition for review with the Second Circuit. Docket Sheet, No. 19-8 (2d Cir., filed Jan. 3, 2019). Although Petitioner has also

filed a motion for a stay of removal in the Second Circuit, Petitioner has not at this time received

a judicially ordered stay of removal.  Docket Sheet, No. 19-8 (2d Cir., filed Jan. 3, 2019).


## II.  LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is

in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

§ 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  As Petitioner is

currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction,

and asserts that his continued detention violates Due Process, this Court has jurisdiction over his

claims.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court of Ky.*, 410

U.S. 484, 494–95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).


## III.  ANALYSIS

In his habeas petition, Petitioner contends that his continued detention pending his removal

without a bond hearing violates Due Process.  In order to evaluate this claim, this Court must

determine the statutory basis for Petitioner's current detention.  Because Petitioner is now subject

to an administratively final order of removal as the BIA dismissed his appeal, he is subject to

detention under 8 U.S.C. § 1231(a) unless and until "a court orders a stay" of that removal order.

*Leslie v. Attorney Gen.*, 678 F.3d 265, 268–70 (3d Cir. 2012), *abrogated in part on other grounds

by Jennings v. Rodriguez*, 138 S. Ct. 830, 847 (2018); *see also* 8 U.S.C. § 1231(a)(1)(B).  Although

Petitioner has sought a stay from the Second Circuit, no court has ordered a stay of removal, and

Petitioner is therefore subject to detention under § 1231(a).

As the Supreme Court has recently reiterated,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue. (Emphasis added.)

> In *Zadvydas*, the [Supreme] Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonable necessary to secure removal," 533 U.S. at 699, . . . and it further held that six months is a presumptively reasonable period, *id.* at 701. . . . After that, the Court concluded, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings*, 138 S. Ct. at 843. Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an

alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as

prematurely filed. *Id.*; *Zadvydas*, 533 U.S. at 701. Although the Third Circuit has expanded the

avenues for relief available to an alien whose detention under § 1231(a) has become prolonged,

the Third Circuit, too, has recognized that such challenges may not be brought until the alien has

been held under § 1231(a) for at least six months. *See Guerrero-Sanchez v. Warden York Cty.*

*Prison*, 905 F.3d 208, 225–26 (3d Cir. 2018).

In this matter, Petitioner has been subject to a final order of removal, and thus held pursuant

to § 1231(a), for just over three months. He is therefore still within the six-month period during

which this Court is required to presume that his post-final order detention is reasonable and

constitutionally valid. *Zadvydas*, 533 U.S. at 701; *Guerrero-Sanchez*, 905 F.3d at 225–26.

Petitioner's habeas petition is thus premature—his continued detention under § 1231(a) is presumptively valid under *Zadvydas*—and must therefore be denied.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition, (ECF No. 1), is DENIED WITHOUT PREJUDICE. An appropriate Order accompanies this Opinion.

_____

JOSE L. LINARES,
Chief Judge, United States District Court